UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE TALBOTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIG SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

NOW COMES plaintiff, The Talbots, Inc. ("Talbots"), by and through counsel, and for its Complaint against defendant AIG Specialty Insurance Company ("AIG") states as follows:

### SUMMARY OF COMPLAINT

1. Talbots is an insured company under a policy of insurance issued by AIG to Talbots parent company Tailor Holdings LLC. This action stems from an underlying lawsuit against Talbots. The underlying lawsuit is styled Ricardo Lopez, et. al. v. The Talbots, Inc., filed in Superior Court of the State of California for the County of Alameda bearing case number RG15785672 (the "underlying lawsuit").

2. Talbots has sought a defense and indemnity for the underlying lawsuit from defendant AIG under the policy of insurance. The policy of insurance is titled Management Liability for Private Companies. It has a policy period of October 1, 2014 to October 1, 2015 and bears policy number 01-592-01-88. It has a Directors and Officers Coverage Section ("D&O") and an Employment Practices Liability Coverage Section ("EPL") as well a Fiduciary Liability Section which is inapplicable here. The D&O coverage section has a $25 million limit

and the EPL coverage section has an additional $10 million limit.  A true and correct copy of the policy is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this action under, *inter alia*, 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and complete diversity of citizenship exists between the parties.

4. Venue in this jurisdiction is based on 28 U.S.C. § 1391(b)(2).  A substantial part of the events giving rise to this action occurred in this district as the policy was issued in this district.

## THE PARTIES

5. Talbots is a Delaware corporation with its principal place of business in Hingham, Massachusetts.

6. AIG is an Illinois corporation with its principal place of business in New York, New York.

## GENERAL ALLEGATIONS

7. Established in 1947, Talbots is a specialty retailer and direct marketer of women's apparel, accessories and shoes sold almost exclusively under the Talbots brand.  Currently Talbots operates over 500 stores throughout the U.S. and Canada.  Its online shopping site is located at www.talbots.com.

8. The underlying lawsuit against Talbots alleges amongst other things that Talbots engaged in unfair business practices in violation of Section 17200 of the California Business and Professions Code.  The underlying lawsuit also asserts multiple counts for alleged violation of various California Labor Laws relating to unreimbursed business expenses and improper wage

statements amongst other allegations. The plaintiffs in the underlying lawsuit are purportedly bringing their claims as former employees of Talbots as well as private attorney generals on behalf of the general public.  A true and correct copy of the underlying lawsuit is attached hereto as **Exhibit B**.

9. All of the required premiums under the AIG policy of insurance were paid, and notice of the underlying lawsuit was timely tendered to AIG.

10. By letter dated September 30, 2015, AIG denied all coverage for the underlying lawsuit under the EPL section of the policy.  In denying coverage under the EPL section of the policy, AIG took the position that the underlying lawsuit did not constitute an employment claim as defined by the EPL section of the policy and also took the position that the underlying lawsuit was excluded by an exclusion for claims under the federal Fair Labor Standards Act ("FLSA").

11. Subsequent to AIG's denial of coverage under the EPL section of the policy, Talbots asked AIG to reconsider its position and to examine coverage under the D&O section of the policy.

12. AIG again denied coverage under the EPL section for the same reasons as before. Additionally, AIG further denied coverage under the D&O section.  In denying coverage under the D&O section, AIG did not contest that the underlying lawsuit triggered the policy's insuring clause, but notwithstanding took the inconsistent position that the underlying lawsuit was an employment claim for purposes of an employment exclusion in the D&O section and also denied coverage under the exclusion for FLSA claims.

## COUNT I
## BREACH OF CONTRACT

13. Talbots incorporates the allegations of paragraphs 1-12, inclusive, of this Complaint as if fully restated herein.

14. AIG is currently in breach of its contractual duty to defend and/or indemnify Talbots in connection with the underlying lawsuit. Talbots has satisfied all conditions precedent to coverage under the AIG policy of insurance and AIG has nonetheless refused to defend and/or indemnify Talbots.

15. Talbots has taken all reasonable steps to mitigate damages associated with AIG's breach of the policy of insurance.

16. Talbots has been damaged by AIG's breach of the policy.

WHEREFORE, Talbots prays that the court grant judgment in its favor and against AIG in an amount to be determined at trial and in excess of the jurisdictional limit of this court, for all damages consequent to or deriving from AIG's breach of contract, along with its fees, costs, attorneys' fees, pre- and post-judgment interest as provided by law, and for such other and further relief as the court deems appropriate in the interests of justice.

## COUNT I
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

17. Talbots incorporates the allegations of paragraphs 1-16, inclusive, of this Complaint as if fully restated herein.

18. Implicit in the policy of insurance is an implied covenant of good faith and fair dealing.

19. AIG has refused to defend and/or indemnify Talbots despite a contractual obligation to defend and/or indemnify Talbot under the policy of insurance, and AIG has otherwise taken inconsistent positions concerning its interpretation of the policy of insurance.

20. Talbots has substantially complied with its obligations under the policy of insurance.

21. By its actions and conduct, as alleged herein, AIG has breached the implied covenant of good faith and fair dealing owed to Talbots. As a direct and proximate result thereof, Talbots has been damaged.

WHEREFORE, Talbots prays that the court grant judgment in its favor and against AIG in an amount to be determined at trial and in excess of the jurisdictional limit of this court, for all damages consequent to or deriving from AIG's breach of the implied covenant of good faith and fair dealing, along with its fees, costs, attorneys' fees, pre- and post-judgment interest as provided by law, and for such other and further relief as the court deems appropriate in the interests of justice.

## COUNT III
## DECLARATORY JUDGMENT

22. Talbots incorporates the allegations of paragraphs 1-21, inclusive, of this Complaint as if fully restated herein.

23. To the extent AIG's defense and/or indemnity obligations are ongoing, AIG's wrongful disclaimer of its coverage obligations and its breach of its current obligations under the policy of insurance create real and substantial uncertainty as to AIG's obligations, and willingness to assume those obligations, under the policy in the future.

24. Talbots needs to ascertain the level and extent of coverage available to it under the policy of insurance in order to adequately defend itself and otherwise manage the underlying lawsuit.

25. A actual case and controversy has arisen between Talbots and AIG, within the meaning of 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, concerning AIG's obligations, and willingness to discharge those obligations, under the policy of insurance.

WHEREFORE, Talbots prays that the court enter a judgment in this cause adjudicating the rights, responsibilities and liabilities of Talbots and AIG under the policy along with its fees, costs, attorneys' fees, pre- and post-judgment interest as provided by law, and for such other and further relief as the court deems appropriate in the interests of justice.

### JURY DEMAND

Talbots demands a trial by jury on all claims so triable.

Respectfully submitted,

**THE TALBOTS, INC.**,

By its counsel,

DATED: June 15, 2017

 /s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
jmorgan@dtm-law.com
**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:    (781) 749-7200

Of Counsel:

Leonard S. Surdyk, Esq.
Surdyk & Kachoyeanos
33 Whitehall, 16th Floor
New York, New York 10004
Tel:  (212) 297-2312
lsurdyk@sbchicago-law.com